IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-343-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ANTONIO LAMARE TALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court on 7 December 2011 for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Drug Enforcement Administration, and defendant the testimony of two proposed third-party custodians, his girlfriend (who is the mother of two of his children) and one of his cousins. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 1 November 2011 for the following offenses: conspiracy to distribute and possess with the intent to distribute 28 grams of cocaine base (*i.e.*, crack) from no later than on or about 9 May 2010 until on or about 24 August 2010, in violation of 21 U.S.C. § 846 (ct. 1); distribution of a quantity of crack cocaine on 19 May 2010, in violation of 21 U.S.C. § 841(a)(1) (ct. 2 ); and distribution of 28 grams or more of crack cocaine on or about 24 August 2010, in violation of 21 U.S.C. § 841(a)(1) (ct. 3). The charges arise from two controlled purchases of

crack cocaine from defendant on 19 May 2010 and 24 August 2010, respectively. Following his arrest on the instant charges, defendant told authorities that he was concerned about the safety of him and his family if he was perceived as cooperating with the authorities.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including evidence of the two controlled purchases from defendant; commission of a portion of the conspiracy charged in count 1 and the distribution offense charged in count 3 while on probation; defendant's criminal record, including 16 misdemeanor convictions (albeit some for traffic offenses), multiple probation violations and failures to comply, and two failures to appear; the unsuitability of the proposed third-party custodial arrangements due to the presence of minor children in each proposed custodial home (given the apparent risk of retaliation against defendant and his family), the extended work hours of the proposed custodians, and the questionable ability of either proposed custodian to effectively supervise defendant; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, including the fact that defendant has numerous family members in the area and some employment experience. But the court finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 8th day of December 2011.

James E. Gates
United States Magistrate Judge